UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT Z. EPP, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | )   CASE NO. 07-CV-367-FHM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|     DEFENDANT. | ) |

## OPINION AND ORDER

Plaintiff, Scott Z. Epp, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying social security disability benefits. In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial

evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

The Commissioner employs a five-step process for the evaluation of social security claims. *See* 20 C.F.R. §§ 404.1510, 1520-1, 1582. Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires that the claimant demonstrate he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. At step three, the claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings) and, if the impairment is equal or medically equivalent to one in the Listings, the claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to step four, where the claimant must establish that his impairment or combination of impairments prevents him from performing his past relevant work (PRW). If a claimant is unable to perform his past work, the Commissioner has the burden of proof at step five to establish that the claimant, in light of his age, education and work history, has the residual functional capacity (RFC) to perform an alternative work activity in the national economy. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail). The RFC describes the range of work activities that a social security claimant can perform despite his impairments. *See* 20 C.F.R. § 404.1545(a)(1). In determining the claimant's RFC the Commissioner must consider any medical opinions about what the claimant can still do as well as the claimant's own testimony concerning his limitations, including limitations resulting from pain. *See id.* § 404.1545(a)(3).

Because the issues raised in this case relate only to Plaintiff's mental impairments, discussion of the record is limited to the evidence regarding Plaintiff's mental functional abilities.

## **Procedural History**

Plaintiff was 35 years old when he filed his application for Disability Insurance Benefits on November 6, 1998. [R. 94-96]. Plaintiff claims to have been unable to work since September 20, 1997, due to severe lower back and mental impairments. [R. 99]. In order to be eligible for benefits, Plaintiff must establish that he became disabled on or before December 31, 2003, the date he was last insured. *See Washington v. Shalala*, 37 F.3d 1437, 1440 n.2 (10th Cir. 1994).

Plaintiff's 1998 claim was denied initially and upon reconsideration. After conducting a hearing on October 29, 1999, an Administrative Law Judge (ALJ) entered a decision on November 17, 1999, finding Plaintiff was not disabled. [R. 16-37]. The Appeals Council denied review on September 19, 2002, which represented the Commissioner's final decision. [R. 4-6]. 20 C.F.R. §§ 404.981, 416.1481. Plaintiff appealed the Commissioner's decision to the U.S. District Court for the Northern District of Oklahoma. On October 16, 2003, U.S. Magistrate Judge Sam A. Joyner reversed and remanded the decision to the Commissioner for further proceedings. [Case No. 02-CV-887-J]. A second hearing was conducted by the same ALJ on January 23, 2007. [R. 551-598]. By decision dated March 1, 2007, the ALJ entered the findings which are the subject of this review. [R. 364-371].

In his November 17, 1999 decision, the ALJ determined at step two that Plaintiff had severe mental impairments consisting of adjustment disorder with mixed features,

personality disorder and alcohol abuse disorder. [R. 17]. He evaluated Plaintiff's mental impairments at step three under the Listings for 12.03 (Paranoia, Schizophrenia and other Psychotic Disorders); 12.08 (Personality Disorders); and 12.09 (Substance Addiction Disorders) and determined none were met or equaled. [R. 18]. *See* 20 C.F.R. Pt. 404, Subpt. P, App.1. The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work diminished by significant non-exertional limitations making it impossible to perform tasks requiring more than occasional understanding, remembering and carrying out more than simple instructions and exposure to more than minimal stress. [R. 25-26]. He found that Plaintiff could interact appropriately with coworkers and supervisors for work-related purposes, minimal if any contact with the general public, could adapt to work situations with mild to moderate chronic pain at a level to be noticeable but not precluding attention and responsiveness, relieved by medications that reduce symptoms and allow him to remain alert in a work setting. [R.25-26]. He found that alcoholism was a contributing factor pertinent to any assessment of Plaintiff's impairment. [R. 26]. The ALJ determined at step five that there were jobs available in the economy that Plaintiff could perform with his RFC and concluded, therefore, that Plaintiff was not disabled.

In reversing that decision, Magistrate Judge Joyner noted the ALJ had generally discounted Plaintiff's claim of a mental impairment despite a record replete with medical evidence supporting Plaintiff's claims. [R. 412]. Magistrate Judge Joyner held that the ALJ appeared to give his own reasons for discounting the medical diagnoses of several doctors and that he had failed to support his RFC findings with evidence in the record. [R. 412-413]. The Magistrate Judge directed the Commissioner to evaluate Plaintiff's

asserted mental impairment[s] and determine Plaintiff's RFC from the record, or if necessary, with the assistance of additional consultative examinations. The case was remanded accordingly. [R. 413-414].

In June 2003, Plaintiff was arrested and charged with accessory to manslaughter, first degree. [R. 447, 470-472]. He was convicted and was incarcerated until September 2006, when he was released on parole. [R. 555, 587-588].

Plaintiff attended and testified at a second hearing conducted by the same ALJ on January 23, 2007. [R. 551-598]. The ALJ's second decision was issued March 1, 2007, in which he again denied benefits. [R. 364-371]. In this decision, the ALJ concluded Plaintiff's severe mental impairments consisted of depression with psychotic features, anxiety disorder and alcohol abuse. [R. 367]. He evaluated Plaintiff's mental impairments under Listing 12.04 (Affective Disorders) and Listing 12.06 (Anxiety Related Disorders) at step three. 20 C.F.R. Pt. 404, Subpt. P, App. 1. [R. 367]. The ALJ adopted the summary of the objective medical evidence he had set out in his prior decision; expressly not adopting "the findings, conclusions and decision." [R. 365]. He briefly described the medical evidence generated after issuance of the prior decision. [R. 369]. In assessing Plaintiff's RFC, the ALJ said: "Because of his depression, anxiety, and personality problems, he is limited to simple tasks, work environments featuring minimal stress, and to minimum contact with the general public." [R. 368]. Based upon the testimony of a vocational expert at the January 23, 2007 hearing, the ALJ concluded Plaintiff could return to his past relevant work as spray painter, laborer and kitchen/janitorial worker. [R. 370]. His conclusion that Plaintiff is not disabled was thus reached at step four in his second decision.

## Discussion

Plaintiff asserts nine allegations of error committed by the ALJ. [Dkt. 17, p. 2]. Among those allegations is a complaint that the ALJ failed to develop a substantial basis for his RFC findings. [Dkt. 17, pgs. 2, 6-7]. Implicit in Plaintiff's argument is the contention that the ALJ did not follow the dictates of the order by Magistrate Judge Joyner who had reversed and remanded the ALJ's prior decision with directions to properly consider the medical evidence and to support his RFC assessment with substantial evidence from the record. After review of the entire record, both decisions and the parties' briefs, the Court agrees and finds this case must be reversed and remanded for reconsideration on that basis.

An ALJ must make specific RFC findings. See *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). Those findings must be supported by substantial evidence. *See Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999). RFC represents the most that an individual can do despite his or her limitations or restrictions. Soc.Sec.Ruling 96-8p, 1996 WL 374184, at *3-4. The RFC assessment must be based on **all** of the relevant evidence in the case record, such as: medical history; medical signs and laboratory findings; the effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication); ... recorded observations; medical source statements; effects of symptoms.... *Id.* at *5 (emphasis in original). In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's

impairments, even those that are not "severe." *Id.*[1]  The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence.  *Id.* at *7.  A discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence must be included in the RFC assessment.  The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. *Id.*

The ALJ failed to follow these requirements in his first decision, as pointed out by Magistrate Judge Joyner. [R. 412-414].  He did not correct this defect in his second decision.  The ALJ did not explain how the medical evidence, including the evidence he had summarized in his first decision, impacted his conclusions and he did not specify the evidence he relied upon to support his RFC assessment.  Nor did the ALJ explain what impact Plaintiff's criminal acts, committed during the time period that Plaintiff was insured for benefits, had upon his analysis of the evidence.  Because Plaintiff has a medical history of schizoid mentation and personality disorder with thought distortions of reality under stress, this evidence should be addressed. [R. 540,

---

[1] Although Personality Disorder was included as a severe impairment in the first decision, the ALJ appears to have dropped Personality Disorder as a severe impairment in his second decision.  The diagnosis appears in the VA treatment records no less than six times [R. 168, 302, 540, 176, 173-174, 252] and was included in the RFC and PRT assessments conducted by the agency consultative physicians [R. 183-189, 190-195, 199-203, 315-319, 324-326]. The impairment must be considered singly and in combination with Plaintiff's other mental impairments at both step two and at step three. *See Salazar v. Barnhart*, 468 F.3d 615, 622 (10th Cir. 2006) (diagnostic characteristics of personality disorder must be considered before assessing whether mental disorders were disabling independent of effects of substance abuse).

174, 252].[2]   When rendering a decision, an ALJ is required to consider the totality of the circumstances and articulate his considerations for the record. *Winfrey*, 92 F.3d at 1020-21. His failure to do so, and to show that he has done so, is grounds for reversal. *Id.*

Despite being advised in the Order reversing the ALJ's first decision that his consideration of Plaintiff's alcohol abuse was "confusing" and despite having been referred to the applicable regulation, the ALJ again erred in considering Plaintiff's alcohol abuse. [R.412-413]. In the current decision under review, the ALJ found that the "claimant's record of alcohol abuse is material to the determination of the claimant's disability" even though he did not find Plaintiff was disabled. [R. 367-368]. Counsel for the Commissioner acknowledges this error but argues it did not impact the decision. [Dkt. 18, p. 7-8]. The Court cannot agree. The same ALJ in both decisions heavily weighed Plaintiff's alcohol abuse against Plaintiff's claims of disabling mental impairments without following the Commissioner's regulations. This error requires reversal.

The ALJ's decision is deficient in other respects. The ALJ noted Plaintiff had been "rated for veteran's benefits" and that he gave "little weight" to that evidence but he did not discuss the significance of the VA's disability determination upon his assessment of Plaintiff's RFC. [R. 365]. *See Grogan*, 399 F.3d at 1262 (even though VA disability rating is not binding on the Social Security Administration, ALJ must consider

---

[2] The Court does not suggest a result after consideration of this evidence but urges the ALJ to explain how such evidence factored into his analysis in order to assure that the correct legal standards are applied in reaching a decision based on the facts of this case. *Huston v. Bowen*, 838 (F.2d 1125, 1132 (10th Cir. 1988).

and explain the weight accorded that evidence in his decision); 20 C.F.R. § 404.1504. Upon remand, the ALJ must address this evidence.

The ALJ's credibility determination is infirm because he discounted Plaintiff's statements regarding the impact his mental impairments had on his functional abilities based in large part on the premise that his allegations were not supported by the medical evidence. In both decisions, the ALJ substituted his own interpretation of Plaintiff's motivation and behavior for the observations and diagnoses expressed by Plaintiff's treating physicians. Based upon his own lay opinion with regard to the legitimacy of Plaintiff's symptoms as reported to his Army and VA treating physicians, the ALJ discredited their medical findings and then weighed Plaintiff's credibility against his own opinion of Plaintiff's mental condition. The ALJ may reject treating physician opinions only on the basis of contradictory medical evidence and not due to his own credibility judgments, speculation or lay opinion. *See McGoffin v.Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002); *Sisco v. U.S. Dep't of Health & Human Servs.,* 10 F.3d 739, 744 (10th Cir.1993) (ALJ's finding legally flawed because ALJ cannot substitute his/her lay opinion for that of a medical professional). Consequently, his credibility determination will need to be revisited after proper consideration of the medical evidence.

Further, for the ALJ to conclude validly that Plaintiff can return to his past relevant work, the ALJ is required to make specific findings concerning: (1) Plaintiff's RFC; (2) the functional demands of each of Plaintiff's past jobs; and (3) Plaintiff's ability to return to these past jobs with the RFC the ALJ determines Plaintiff to have. *See Winfrey,* 92 F.3d at 1023.

### **Conclusion**

For the reasons expressed above, the Court concludes the ALJ's decision is not supported by substantial evidence. The decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED to the Commissioner for reconsideration consistent with this Order.

Dated this 28th day of October, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE