UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT Z. EPP, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the )<br>Social Security Administration, )<br>)<br>        Defendant. ) | Case No. 07-CV-367-FHM |

## OPINION AND ORDER

Plaintiff brought this action on June 29, 2007, against the Commissioner of the Social Security Administration for denial of his claim for disability benefits. [Dkt. 2]. In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties consented to proceed before the undersigned United States Magistrate Judge. [Dkt. 12]. This Court reversed and remanded the denial decision to the Commissioner and entered Judgment for Plaintiff on October 28, 2008. [Dkt. 20, 21]. Plaintiff now seeks an award of attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), in the amount of $10,605.40. [Dkt. 22].

The EAJA provides for award of fees and expenses to the prevailing party in a civil action against the federal government unless the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The Court is required to examine the request to determine whether the fees requested are reasonable. Only "reasonable attorney fees" may be awarded under the EAJA. 28 U.S.C.§ 2412(d)(2)(A). Plaintiff bears the burden of proving that the

requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983).

In this case, the Commissioner does not contend that his position was substantially justified. Nor does he oppose a fee award or the hourly rate of fees sought. The Commissioner objects to Plaintiff's motion on the grounds that the requested hours are excessive and that Plaintiff did not sufficiently justify the amount of time spent working on the briefs. [Dkt. 24]. For the following reasons, the Court finds the number of hours claimed by Plaintiff's counsel is unreasonable and reduces the award of attorney fees accordingly.

The Commissioner first complains that Plaintiff's request for a total of 15.5 hours in attorney work in 2007 dedicated mainly to the preparation and service of the complaint is unreasonable. [Dkt. 24, p. 3]. The Court agrees with the Commissioner that the amount of time Plaintiff's counsel charged for effecting service is unreasonable.

Counsel filed the complaint on behalf of Plaintiff in this court on June 29, 2007. [Dkt. 2]. The summons were issued by the Court Clerk on that same date. [Dkt. 3]. According to counsel's record of attorney hours, on the day before the filing Plaintiff's counsel spent 2.7 hours preparing the complaint "and related documents" and 2.0 hours preparing the summons "and research and call Clerk re filing under seal." [Dkt. 22, p. 4 (Exhibit A, Page 1 of 3)].

On September 25, 2007, three months after the case was filed and summons were issued, this Court entered an Order requiring Plaintiff to file returns of service within thirty days and warning that the action was subject to dismissal pursuant to Fed.R.Civ.P. 4. (requiring dismissal without prejudice if defendant not served within 120

days unless good cause for failure is shown). [Dkt. 5]. During the intervening time period between filing the complaint and the Court's Rule 4 warning, counsel had recorded .2 hour for review of four district court e-mails, .1 hour to "[c]heck statute" and 1.7 to prepare service materials. [Dkt. 22, p.4]. There is no description of the content of the e-mails, no citation of the statute checked and no detail of the action taken to prepare the service materials.

After the Court's Rule 4 warning, counsel recorded .8 hour to "[c]hange style and prepare for service" on October 3, 2007, and another 1.1 hours to "[p]repare for service, calendar events and make notes" on October 4, 2007. *Id.* On October 11, 2007, counsel "[n]oted and recorded entry of appearance" which took .1 hour and on October 22, 2007, counsel reported 2.7 hours to prepare the return of service. *Id.* He charged another .7 hour on October 24, 2007 to "[c]all Court Clerk and file Returns." *Id.* The next day, counsel claimed .5 hour to "[c]heck docket entries, record addresses for future service, calendar, make notes, sign and return Consent to Proceed." *Id.* These entries represent a total of 12.60 hours expended in preparing the complaint and effecting service of summons.

When these events occurred, counsel for Plaintiff was not unfamiliar with the procedures required for prosecution of lawsuits against the Social Security Administration in this court. In fact, he had been issued the same Rule 4 warning in three of his earlier lawsuits filed on behalf of social security claimants. [03-CV-828-FHM; 04-CV-86-CVE-FHM; 04-CV-486-CVE-FHM]. The Commissioner correctly points out that the complaint filed on Plaintiff's behalf consisted of two pages of standard allegations and that service of the complaint was routine. [Dkt. 24, p. 3]. The Court

3

concludes 2.70 hours for preparation of the complaint and "related documents" including summons and returns is reasonable under the circumstances of this case.[1] Counsel's fee request for 15.50 hours expended in 2007 is, therefore, reduced by 9.90 hours; leaving intact counsel's 2.50 hours for tasks performed prior to the filing of the complaint and the .40 hour charged to review and record court notices after executing the Consent. [Dkt. 22, p. 4].

The Commissioner also objects to the amount of time counsel spent on briefs. He asserts that 45.8 hours is an unusually large amount of time to prepare social security disability opening and reply briefs. *Id.*  His argument that 20 to 40 hours is a reasonable amount of time to spend on a Social Security disability claim is well founded.  The Court notes, however, that this case was not the "usual" Social Security disability claim.  The administrative record in this case consists of 598 pages and includes just under 300 pages of medical treatment records, some of which are barely legible U.S. Army and Veterans Administration records.  It also contains 85 pages of hearing transcripts and approximately 100 pages of exhibits and claim-related documents. [Dkt. 14].  Plaintiff's attorney was required to review and analyze the evidence in the record and then construct a brief pointing out specific instances of error that were committed by the ALJ with citations to the record.  The Court's Scheduling Order limited Plaintiff to ten pages for his opening brief and three pages for his reply. [Dkt. 8]. Condensing Plaintiff's multiple allegations of error under such restrictions was

---

[1] No Application to Proceed *In Forma Pauperis* was submitted; the filing fees were paid in full.

no small task. Contrary to the Commissioner's contention, there is no correlation between the size of the briefs and the complexity of issues to be addressed.

In addition, the Commissioner's previous denial of Plaintiff's claim for benefits had been reversed and remanded by Magistrate Judge Joyner [Case No. 02-CV-887-SAJ] and a substantial part of Plaintiff's argument in this case was based upon the Commissioner's failure to follow Magistrate Judge Joyner's instructions in his remand order. Thus, while this case was not complicated, it presented more than the "usual issues" to be addressed. It was, therefore, not unreasonable for counsel to request compensation at the "high end" of the average number of hours claimed in this district.

However, Plaintiff's counsel logged only .30 hours to "Review testimony." The remainder of the 36.6 hours he claims with regard to the initial brief is described only as "Prepare Opening Brief." Counsel claims 5.50 hours were expended in reading the cases cited by the Commissioner in his response brief and preparing Plaintiff's reply. [Dkt. 22, p. 5 (Exhibit A, Page 2 of 3)]. He claims an additional 3.40 hours to obtain and review the Court's Opinion and Order, to call regional counsel and to prepare his EAJA motion and brief. *Id.*

The Commissioner's objection relates solely to Plaintiff's opening brief which, he contends, comprises eight pages dedicated to nine issues and is a "small number of pages per issue given the amount of time Plaintiff's attorney spent on the brief." [Dkt.

24, p. 4]. He requests the fee award be limited to only 30 hours for work done on the initial (opening) brief.[2]

Plaintiff's counsel did not file a reply to the Commissioner's objection to the hours he claims in his fees request. He has not disputed the Commissioner's objection to his request and he has offered no justification for the number of hours he claims in light of the Commissioner's objections. Nor do his time entries describe in sufficient detail the specific tasks he performed. Block-billing is contrary to Tenth Circuit authority and it also reduces the Court's ability to determine with confidence that the hours claimed are reasonable. *See Case v. Unified School District No. 233, Johnson County, Kansas,* 157 F.3d 1243,1250 (10th Cir. 1998) citing *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983) (time records must reveal all hours for which compensation is requested and how those hours were allotted to specific tasks). In such circumstances, reduction of the fees award may be warranted. *See Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

Nonetheless, counsel obtained a favorable result for his effort and his client prevailed on his claim for relief from this Court. *Hensley*, 461 U.S. at 435 (where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee). The Court, therefore, finds Plaintiff is entitled to more than 32.70 total hours recommended by the Commissioner but less than the 62.20 hours requested by counsel. Because Plaintiff's

---

[2] Because the Commissioner requests the total award be limited to 32.7 hours <u>for all work done at the federal court level</u>, it appears the Commissioner also objects to the number of hours counsel spent reviewing the ALJ's decision, meeting with the claimant and preparing the reply brief and EAJA motion.

counsel has not disputed the Commissioner's objections and because he has not offered justification for charging more than 30 hours in preparation of Plaintiff's opening brief, the Court exercises its discretion in making an equitable judgment as to the amount of a reasonable award, *Hensley*, 461 U.S. at 434, and reduces the attorney fee award as follows:

The Court deducts 9.90 hours from the 15.50 hours counsel claims for work performed in 2007 and 6.60 hours from the 36.60 hours counsel claims for preparing Plaintiff's opening brief in 2008. Plaintiff is awarded $7,826.80 in attorney fees representing 5.60 hours at $166/hour for work performed in 2007 ($929.60) and 40.10 hours at $172/hour for work performed in 2008 ($6,897.20) plus costs in the amount of $365.63 for a total amount of $8,192.43. If attorney fees are also awarded under 42 U.S.C. § 406(b)(1) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

SO ORDERED this 25th day of March, 2009.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE